IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOEY GODWIN, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 1:18-cv-01019-STA-egb |
| RUSSELL WASHBURN, | ) ) | |
| Respondent. | ) ) | |

**ORDER DIRECTING RESPONDENT TO FILE RECORD AND RESPOND TO PETITION**

On January 25, 2018, Petitioner Joey Godwin filed a *pro se* habeas corpus Petition under 28 U.S.C. § 2254. (ECF No. 1.) In compliance with the Court's Order of March 12, 2018, (ECF No. 8), Petitioner submitted answers to questions he had left blank on the Court's official § 2254 petition form (ECF No. 9). The completed Petition is now before the Court for initial review.[1]

It is **ORDERED**, pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), that Respondent file a response to the Petition within twenty-eight (28) days. Respondent is advised to read the following paragraph carefully because many of the requirements for his response are new.

For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a

---

[1] In his Petition, Godwin challenges the sentence imposed by the state court in 2009 after he was adjudged guilty of three controlled substance offenses. (ECF No. 1 at 1.) He has a separate habeas corpus petition pending in this Court challenging two 2012 controlled substance convictions. *See Godwin v. Leibach*, 1:17-cv-01056-STA-egb (W.D. Tenn.).

portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31. The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further **ORDERED** that the Clerk send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 2, 2018