IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOEY GODWIN, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01019-STA-jay |
| ) | |
| RAYMOND BYRD, ) | |
| ) | |
| Respondent. ) | |

ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
DENYING § 2254 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Joey Godwin has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the following reasons, the Petition is **DISMISSED**.

## BACKGROUND

In November 2003, Godwin was charged with one count of possession-with-intent-to-sell 0.5 grams or more of cocaine, in violation of Tennessee law. *Godwin v. State*, No. M2017-00267-CCA-R3-HC, 2017 WL 3396552, at *1 (Tenn. Crim. App. Aug. 8, 2017), *perm. app. denied* (Tenn. Nov. 16, 2017). While on bond, he was charged with the same crime relating to a separate incident. *Id.* Petitioner posted another bond but was again charged with possession-with-intent-to-sell 0.5 grams or more of cocaine. *Id.* He pleaded guilty to all three charges and was sentenced to concurrent ten-year terms of imprisonment. *Id.* The judgments of conviction were entered on November 9, 2007. *Id.* Petitioner did not take a direct appeal.

In 2011, while he was on parole for the 2007 convictions, Godwin was convicted of additional drug offenses and sentenced to two consecutive thirty-year sentences. *Id.* In December 2016, he filed a state habeas corpus petition challenging his 2007 convictions. *Id.* The Tennessee Court of Criminal Appeals ("TCCA") affirmed the lower court's denial of habeas relief, *id.* at *3, and the Tennessee Supreme Court denied discretionary review (ECF No. 1-1 at 20).

## DISCUSSION

Godwin filed his Petition in January 2018. He asserts that his 2007 judgments of conviction are void because the trial court ordered concurrent rather than consecutive sentences, in violation of Tenn. Code Ann. § 40-20-111(b). (ECF No. 1 at 5.) In January 2019, Respondent Raymond Byrd[1] filed the state court record (ECF No. 19) and his Answer (ECF No. 20). He argues that the Petition must be dismissed because Godwin was not in custody on the 2007 convictions when he initiated the present case, the Petition is untimely, and the Petition's sole claim is non-cognizable. Godwin filed a Reply, insisting that he is entitled to relief. (ECF No. 23.)

### I.    Legal Standards

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorisim and Effective Death Penalty Act. *See* 28 U.S.C. § 2254. Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

---

[1] The Clerk is **DIRECTED** to substitute Raymond Byrd for Bert C. Boyd as Respondent. *See* Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    The limitations period is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

    The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of ... new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The United States Supreme Court has cautioned that the actual innocence

3

exception should "remain rare" and "only be applied in the extraordinary case." *Id.* at 321 (internal quotation marks omitted).

## II.     Analysis

As indicated above, Petitioner requests that the Court grant him federal habeas relief on the ground that Tennessee law required him to serve his sentences consecutively. He does not deny that, at the time he filed the Petition, he was no longer serving the sentences. He posits, however, that he is entitled to challenge the underlying convictions because they were used to enhance his sentences on the 2011 convictions. (ECF No. 1-1 at 6.) In his Reply, he further alleges that his claim is properly before the Court because he is actually innocent of the offenses. (ECF No. 23 at 1.)

"When [a] petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Lusane v. Harris*, No. 19-3138, 2019 WL 4046735, at *2 (6th Cir. July 5, 2019) (unpublished) (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). In addition, the "[c]ollateral consequences of a conviction for which the sentence has expired, such as when a current sentence is enhanced by a prior conviction, are insufficient to render a petitioner 'in custody' under § 2254(a)." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Lackawanna*, 532 U.S. at 403-04).

"Nevertheless, there are three possible exceptions that would allow federal court review of a state conviction with a fully expired sentence: where the conviction was obtained without the benefit of counsel; 'where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented'; and where subsequently obtained compelling evidence

4

demonstrates actual innocence." *Parks v. Knight*, No. 18-3863, 2019 WL 4391455, at *2 (6th Cir. Jan. 4, 2019) (unpublished) (quoting *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005) (citing *Lakawanna*, 532 U.S. at 404-06)).

In the present matter, Petitioner does not allege that the first exception applies. In fact, the record shows that he was represented by counsel at all stages of the criminal proceedings. (*See* ECF No. 9 at 1.)

The second exception is also not supported by the record. As discussed above, Petitioner sought state habeas corpus relief from his sentences in 2016, asserting the same state statutory argument he presents as the sole claim in the present matter. His state-court challenge was thus not constitutionally-based, as the second exception requires. What is more, the state courts did not without justification refuse to rule on the issue. Instead, the lower court, and then the TCCA, denied habeas relief because "[t]he challenged sentences . . . expired, and any use of the[] convictions to enhance sentences for subsequent convictions [was] not a proper basis for habeas corpus relief." *Godwin*, 2017 WL 3396552, at *3.

Regarding the third exception, Petitioner asserts that he is actually innocent of the drug offenses. (ECF No. 23 at 1, 4.) He has failed, however, to identify any subsequently obtained evidence that he is actually innocent. Therefore, the last exception also does not apply.

Accordingly, the Court finds that Petitioner has not demonstrated that he is entitled to challenge his expired sentences on the ground that they were used to enhance a later sentence. The Petition is, thus, not properly before the Court and must be dismissed.

Respondent argues that dismissal is also required because the Petition was filed over nine years too late. The Court agrees.

In this case, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). Because Godwin did not take a direct appeal, his judgments of conviction became final on Monday December 10, 2007—thirty days after they were entered.[2] *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (holding that where no appeal was filed, the petitioner's conviction was final when the time for a direct appeal expired); Tenn. Crim App. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days of entry of the judgment appealed from[.]")

The federal limitations ran for one year and expired on Monday December 10, 2008.[3] Godwin did not file his federal Petition until January 25, 2018, the day he placed it into the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings). The Petition is, thus, untimely by over nine years.

Petitioner argues that his actual innocence overcomes the limitations bar. (ECF No. 23 at 1.) As discussed above, however, he has not identified newly discovered evidence suggesting that

---

[2] Because the thirty-day period fell on Sunday December 9, 2007, the deadline for filing a direct appeal was Monday December 10, 2007. *See* Tenn. R. App. P. 21(a) ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. 6 15-1-10, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

[3] Because Petitioner did not file his state habeas corpus petition until 2016, statutory tolling under 28 U.S.C. § 2244(d)(2) does not apply. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (the federal statutory tolling provision, 28 U.S.C. § 2244(d)(2), "does not ... 'revive' the limitations period ..., [but] can only serve to pause a clock that has not yet fully run").

6

he is factually innocent of the crimes to which he pleaded guilty. He therefore has not overcome the late filing.

Finally, the Petition is subject to dismissal because its sole claim is not cognizable.[4] Godwin presents his illegal-sentence claim as a violation of state statutory law. It is well-established, however, that federal habeas corpus relief is not available "for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

For all of these reasons, the Petition is **DIMISSED**. Judgment shall be **ENTERED** for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition

---

[4] Petitioner asserts in his Reply that counsel was ineffective because he advised him to accept a plea deal that provided for an illegal sentence. (ECF No. 23 at 2-3.) Although such a claim is cognizable in federal habeas, *see Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner waived it by raising it for the first time in his Reply. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010)). But even if not waived, the claim is not properly before the Court because, as discussed above, the Petition is untimely and Godwin was not in custody on the challenged convictions at the time he initiated this case.

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[5]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 26, 2021.

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

8